UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CINDY WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:13-CV-92 |
| | ) |
| ST. JUDE MEDICAL, INC.; ADVANCED | ) |
| NEUROMODULATION SYSTEMS, INC. | ) |
| *d/b/a St. Jude Medical Neuromodulation*; | ) |
| OM GROUP, INC.; and EAGLEPICHER | ) |
| MEDICAL POWER, LLC; | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was filed in this Court on March 29, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 1.)  The Complaint alleges that Defendant "OM Group, Inc. is a corporation organized and existing under the laws of Delaware, having its headquarters located" in Ohio and that Defendant "EaglePicher Medical Power, LLC is a limited liability company organized and existing under the laws of Delaware, having its principal place of business located" in Missouri.  (Compl. ¶¶ 6-7.)

The Complaint, however, is inadequate for two reasons.  First, as to Defendant OM Group, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their *principal place of business*."  *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphases added); *see* 28 U.S.C. § 1332(c)(1).  The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v.*

1

*Friend*, 130 S. Ct. 1181, 1192 (2010).  Thus, the Court must be apprised of both facts with respect to Defendant OM Group, Inc.—its state of incorporation and the state in which its *principal place of business*, rather than its headquarters, is located.

As to the citizenship of EaglePicher Medical Power, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, the Court must be advised of the citizenship of all the members of EaglePicher Medical Power, LLC to ensure that none of its members share a common citizenship with Plaintiff.  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be "traced through multiple levels" for those members of EaglePicher Medical Power, LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).  As such, alleging that EaglePicher Medical Power, LLC is organized under the laws of Delaware and has its principal place of business in Missouri is insufficient to establish its citizenship.

Therefore, Plaintiff Cindy Walker is ORDERED to supplement the record by filing an Amended Complaint on or before April 16, 2013, properly alleging the citizenship of Defendants OM Group, Inc. and EaglePicher Medical Power, LLC and tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 2nd day of April, 2013.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge