**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **CINDY WALKER,** | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ST. JUDE MEDICAL, INC.; ADVANCED** | )   **CAUSE NO. 1:13-CV-92** |
| **NEUROMODULATION SYSTEMS, INC.** | ) |
| *d/b/a St. Jude Medical Neuromodulation*; | ) |
| **OM GROUP, INC.; EAGLEPICHER** | ) |
| **MEDICAL POWER, LLC; and OLD EPT,** | ) |
| **LLC** *a/k/a EaglePicher Technologies, LLC*; | ) |
| | ) |
|    **Defendants.** | ) |

**OPINION AND ORDER**

This case was filed in this Court on March 29, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) Pursuant to this Court's April 2, 2013, Opinion and Order (Docket # 3), Plaintiff filed an Amended Complaint on April 9, 2013 (Docket # 5). The Amended Complaint alleges that "[u]pon information and belief, Old EPT, LLC a/k/a EaglePicher Technologies, LLC is a wholly-owned subsidiary of and has as its only member, OM Group, Inc." and that "[u]pon information and belief, Old EPT, LLC a/k/a EaglePicher Technologies, LLC and/or OM Group, Inc., or both, are members of EaglePicher Medical Power, LLC." (Am. Compl. ¶¶ 8, 10.)

The Amended Complaint, however, is still inadequate. First, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene,*

1

*L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).  Consequently, Plaintiff must amend her Amended Complaint to allege the citizenship of Defendants Old EPT, LLC and EaglePicher Medical Power, LLC on personal knowledge rather than on information and belief.

And as to Defendant EaglePicher Medical Power, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, the Court must be advised of the citizenship of *all* the members of EaglePicher Medical Power, LLC to ensure that none of them share a common citizenship with Plaintiff.  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  As such, merely alleging that "Old EPT, LLC . . . and/or OM Group, Inc., or both, are members of EaglePicher Medical Power, LLC" is insufficient to establish EaglePicher Medical Power, LLC's citizenship because it is not clear that Old EPT, LLC or OM Group, Inc., or both, are its *only* members.  If there are other members beside Old EPT, LLC and OM Group, Inc., the Court must be advised of their citizenship, which must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Plaintiff is ORDERED to supplement the record by filing a Second Amended Complaint on or before April 24, 2013, properly alleging on personal knowledge the citizenship of Defendants Old EPT, LLC a/k/a EaglePicher Technologies, LLC and EaglePicher Medical

2

Power, LLC and including *all* the members of EaglePicher Medical Power, LLC and their citizenship.

    SO ORDERED.

    Enter for this 10th day of April, 2013.

                                            /S/ Roger B. Cosbey
                                            Roger B. Cosbey,
                                            United States Magistrate Judge